UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JONATHAN LOWDEN AND AMBER MONK,<br><br>     Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>     Defendant. | Case No. 4:21-cv-00419-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

  Before the Court is the United States' motion to dismiss (Dkt. 5), filed pursuant to Fed. R. Civ. P. 12(b)(1) and alleging lack of subject matter jurisdiction. Plaintiffs filed a response that does not oppose the motion on the merits. (Dkt. 6.) Rather, Plaintiffs object solely on the basis that it is unclear whether the United States seeks to dismiss this matter with or without prejudice. The United States did not file a reply.

  All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this matter, including entry of judgment. 28 U.S.C. § 636(c)(1). The Court finds the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the motion will be decided on the record before the Court. Dist. Idaho L. Rule 7.1(d).

**MEMORANDUM DECISION AND ORDER  - 1**

## DISPOSITION

Plaintiffs filed the Complaint in this matter on October 26, 2021. (Dkt. 1.) The Complaint alleges that Natasha Hall, a driver for the United States Postal Service, was involved in a motor vehicle collision with Plaintiffs that occurred on or about November 8, 2019. Ms. Hall was allegedly delivering mail for the USPS at the time of the accident. Plaintiffs seek damages arising out of Ms. Hall's alleged negligence.

The United States' motion to dismiss states that Plaintiffs did not fully comply with the requirements of the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 1346, 2675, to receive a final denial of their administrative claim, or wait six months after filing that claim, before filing the lawsuit. Accordingly, the United States contends the Court does not have jurisdiction over the suit, and it should be dismissed.

The FTCA, 28 U.S. §§ 1346, 2675-2680, is a limited waiver of the sovereign immunity of the United States for actions in tort. *Graham v. United States*, 96 F.3d 446, 448 (9th Cir. 1996). Prior to filing suit under the Act, a claimant must present his claim to the federal agency and have the claim "finally denied by the agency in writing…." 28 U.S.C. § 2675(a). A claim is presented to the agency when the agency receives it. 28 C.F.R. 14.2(a). Failure of the agency to make a final determination within six months is deemed a final denial. 28 U.S.C. § 2675(a). "The statutory procedure is clear…the claimant may not commence his court action until either (1) the agency makes a final denial within the six months' period, or (2) six months transpires after the claim is filed with the agency, and the claimant then treats the agency failure to act as a final denial of the claim." *Caton v. United States*, 495 F.2d 635, 638 (9th Cir. 1974).

**MEMORANDUM DECISION AND ORDER - 2**

The claim requirements of 28 U.S.C. § 2675 are jurisdictional in nature and may not be waived. *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992). A lawsuit filed before the tort claim was finally denied or six months has passed should be dismissed for lack of subject matter jurisdiction. *Id*. at 521. Even if six months has passed without a final denial by the time this Court rules on the motion, and no substantial progress has been made in the lawsuit, the lawsuit should still be dismissed. *See, id*. 28 U.S.C. § 2675(a) has "explicit prerequisites to the filing of suit against the Government," and the Court cannot "enlarge that consent to be sued." *Id*.

According to the declaration of Stanford Bjurstrom, Plaintiffs filed their administrative tort claims on July 30, 2021. Decl. of Bjurstrom ¶ 3. (Dkt. 5-2.) The complaint was filed with this Court on October 26, 2021. A final denial of the Plaintiffs' administrative claim had not been filed by October 26, 2021, and six months had not elapsed since the administrative filing of the tort claims on July 30, 2021. *Id.* ¶ 4.

Plaintiffs dispute neither the applicable law nor the facts set forth in Bjurstrom's declaration. Based upon the above, Plaintiffs have not met the jurisdictional requirements of Section 2675(a), because this action was commenced before Plaintiffs received a final denial of their claims, and without allowing six months to elapse from the date of their initial administrative filing. *Jerves*, 966 F.2d at 519. To permit the premature filing of an FTCA action, or to allow a cure by filing of an amended complaint, would be inconsistent with the rationale behind the jurisdictional prerequisite mandated by the FTCA. *Sparrow v. U.S. Postal Serv.*, 825 F. Supp. 252, 254 (E.D. Cal. 1993) (citing *McNeil v. United States*, 508 U.S. 106 (1993)).

**MEMORANDUM DECISION AND ORDER - 3**

Because Section 2675(a) of the FTCA requires that an administrative claim be finalized at the time the complaint is filed, Plaintiffs' complaint cannot be cured through amendment upon receipt of a final denial or the passage of six months. *Id.* Instead, Plaintiffs must file a new suit. *Id.* The Court lacks subject matter jurisdiction over the present action, which was commenced before the exhaustion requirement under Section 2675(a) was satisfied.

The Government acknowledges the claim can be refiled even if this lawsuit is dismissed for lack of jurisdiction. Mem. at 3. (Dkt. 5-1.) Accordingly, pursuant to the above authorities, the Court will grant the United States' motion to dismiss, without prejudice. *Sparrow*, 825 F.Supp. at 254.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED:** Defendant's Motion to Dismiss (Dkt. 5) is **GRANTED** without prejudice on the ground of lack of subject matter jurisdiction under 28 U.S.C. § 2675(a).

DATED: February 04, 2022

Candy W. Dale
Chief U.S. Magistrate Judge